AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

United States of America )
v. )
) Case No. 13-8217-JMH
Samuel Garcia-Velasquez a/k/a Eduardo Garcia )
)
)
_Defendant(s)_

FILED by _____ D.C.
APR 2 2 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 15, 2013__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Re-entry After Removal |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_Complainant's signature_

ICE Deportation Officer Andy Korzen
_Printed name and title_

I find probable cause –
Sworn to before me and signed in my presence.

Date: 04/22/2013

_Judge's signature_

City and state: West Palm Beach, FL

Hon. James M. Hopkins, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT

I, Andy Korzen, being duly sworn, depose and state as follows:

1. I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") and have been so employed for over nine years. Your affiant is currently assigned to the Enforcement and Removal Operations, Criminal Alien Program, Stuart, Florida. As a Deportation Officer with ICE, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. The information contained in this affidavit is based upon my own knowledge, a review of the alien file corresponding to Samuel Garcia-Velasquez a/k/a Eduardo Garcia as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding this investigation but only those facts necessary to establish probable cause to charge.

3. On April 13, 2013, Samuel Garcia-Velasquez a/k/a Eduardo Garcia was arrested in Palm Beach County in the Southern District of Florida on a state charge. Upon being booked into the Palm Beach County Jail, the fingerprints of Samuel Garcia-Velasquez a/k/a Eduardo Garcia were entered into a national fingerprint identification system, which returned a positive match for a person previously removed from the United States.

4. On April 15, 2013, Immigration Enforcement Agent Samuel Torres traveled to the Palm Beach County Jail and took a sworn statement from Samuel Garcia-Velasquez a/k/a Eduardo Garcia after advising him of his rights under *Miranda*, which he waived. Samuel Garcia-Velasquez a/k/a Eduardo Garcia admitted to being a citizen of Mexico and that he last entered the United States in May 2012, after having been previously deported from the United

States. Samuel Garcia-Velasquez a/k/a Eduardo Garcia further admitted that he did not request permission to re-enter the United States.

5. The immigration file corresponding to Samuel Garcia-Velasquez a/k/a Eduardo Garcia shows that Samuel Garcia a/k/a Eduardo Garcia, a native and citizen of Mexico, was ordered removed from the United States on or about April 12, 2012. A Removal Warrant was executed on or about April 13, 2012, whereby Samuel Garcia-Velasquez a/k/a Eduardo Garcia was removed from the United States.

6. On or about April 15, 2013, your affiant received a certified copy of the fingerprint card containing the prints taken in connection with the April 13, 2013 arrest of Samuel Garcia-Velasquez a/k/a Eduardo Garcia. Border Patrol Agent Richard Abbott, a fingerprint expert, compared the prints appearing on the aforementioned fingerprint card with the print appearing on the Removal Warrant executed on or about April 13, 2012. Agent Abbott determined that the fingerprint impressions were made by one and the same person.

7. On or about April 19, 2013, your affiant received a Certificate of Nonexistence of Records relating to Samuel Garcia-Velasquez a/k/a Eduardo Garcia. A review of the Certificate of Nonexistence of Record pertaining to Samuel Garcia-Velasquez a/k/a Eduardo Garcia indicates that no record was found to exist indicating that Samuel Garcia-Velasquez a/k/a Eduardo Garcia had obtained consent from either the Attorney General of the United States or the Secretary of the Department of Homeland Security, for re-admission in the United States as required by law.

8. Based on the foregoing, your affiant believes that there exists sufficient probable cause to charge Samuel Garcia-Velasquez a/k/a Eduardo Garcia with violating Title 8, United States Code, Sections 1326(a).

_____
Andy Korzen
Deportation Officer
Immigration and Customs Enforcement

Sworn to and subscribed before me
this 22 day of April, 2013,
in West Palm Beach, Florida.

_____
HONORABLE JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.  13-8217-JMH

UNITED STATES OF AMERICA

vs.

**Samuel Garcia-Velasquez
a/k/a Eduardo Garcia**

**Defendant.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
WILLIAM T. ZLOCH
ASSISTANT UNITED STATES ATTORNEY